UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JAMES CLETIS SEGARS, | ) | CASE NO. 4:05 CV 2830 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| T.R. SNIEZEK, | ) | |
| | ) | |
| Respondents. | ) | |

On December 7, 2005, pro se petitioner James Cletis Segars filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mr. Segars, who is incarcerated at the Federal Correctional Institution in Elkton, Ohio, brings this action against F.C.I. Elkton Warden T. R. Sniezek. Petitioner moves "to vacate, set aside or otherwise correct . . .[his] sentence" because it was imposed in violation of the Constitution.

*Background*

Mr. Segars states that the relevant facts in his case are outlined in three unpublished opinions issued by Seventh Circuit Court of Appeals: United States v. Newman, 9 F.3d 113 , United States v. Segars, 165 F.3d 34 and United States v. Segars, 182 F.3d 923. The record reflects that petitioner and co-defendants Emanuel Newman, Conchita Washington and David J. Hart were

involved in a drug ring based in Detroit, Michigan, and South Bend, Indiana, from approximately 1987 to 1991. A Grand Jury in the United States District Court for the Northern District of Indiana returned a 37-count superseding indictment against Newman, Washington, Hart, James Segars, and Phillip Segars on March 27, 1991, charging them with Conspiracy to Distribute Cocaine in violation of 21 U.S.C. § 846. Mr. Segars was charged with Possession with Intent to Distribute Cocaine in violation of 21 U.S.C. § 841(a)(1), Money Laundering in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and (2) and Interstate Travel in Aid of Racketeering (ITAR) in violation of 18 U.S.C. § 1952(a)(3) and (2). He was also charged with using a firearm in relation to drug trafficking in violation of 18 U.S.C. § 924(c). After a jury trial four defendants were found guilty as charged. The court sentenced Mr. Segars to a term of 387 months imprisonment.

In his first appeal to the Seventh Circuit, Mr. Segars raised numerous issues, including, among others, claims of faulty jury selection, insufficient evidence, improper admission of testimony and evidence, improper jury instructions, judicial bias and misconduct, prosecutorial misconduct, violation of the Speedy Trial Act, and violations of his rights under the Sixth and Fourteenth Amendments. The Seventh Circuit affirmed his conviction in 1993. United States v. Newman, Nos. 91-3192, 91-3193, 91-3219, 91-3228, 1993 WL 393130 (7th Cir. Oct. 5, 1993).

In 1994, Mr. Segars filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. He claimed ineffective assistance of counsel, but the motion was denied by the district court and the Seventh Circuit affirmed. Segars v. United States, No. 95-2882, 1997 WL 284628 (7th Cir. May 23,1997). When the Supreme Court decided Bailey v. United States, 516 U.S. 137 (1995), narrowing the definition of "use" of a firearm, the validity of Mr. Segars's conviction on the firearms count came in question. The Seventh Circuit remanded,

directing the district court to determine whether his firearms conviction could stand and to permit the district court to review whether to enhance the sentence on the cocaine counts by reason of possession of a firearm during the offenses.

The district court judge vacated the firearms conviction and resentenced petitioner applying the November 1997 Sentencing Guidelines and adjusting the Criminal History Category downward by reason of events occurring just before the resentencing. The trial court judge found, as he had in 1991, that 40 to 50 kilograms of cocaine purchased and distributed by Mr. Newman were in furtherance of Mr. Segars's conspiracy with him and reasonably foreseeable by petitioner. The quantity produced a base offense level of 34. The judge then increased the offense level to 37 because Mr. Segars supervised three of the more than five criminal participants in the conspiracy. He further enhanced the offense level to 39 because he found Mr. Segars possessed a firearm on at least two occasions. The base offense level of 39 and placement in Criminal History Category II produced a sentencing range of 292 to 365 months. The judge selected a sentence of 353 months and Mr. Segars appealed, inter alia, the court's decision to place him in Criminal Category II.

At his original sentencing in 1991, Mr. Segars had five criminal history points that placed him in Category III. One point was for a state court sentence of probation in 1987, one was for intimidating a witness, one point was for a sentence of probation in 1989 for driving while intoxicated, and two points were because he engaged in the cocaine conspiracy while on these sentences of probation. A few days prior to his sentencing in 1998, the state court entered orders expunging the 1987 and 1989 convictions and sentences. While the trial court did not assign points for the two sentences, the judge did assign two points because Mr. Segars engaged

in the conspiracy while on probation. U.S.S.G. § 4A1.1(d). The court reasoned that petitioner was no less on probation by virtue of the infirmities of the underlying convictions, and that the guideline had been adopted to deter those under criminal justice supervision from engaging in criminal conduct. Mr. Segars challenged the two points and the government agreed that they should not have been counted. The Seventh Circuit concluded that the two points should not have been counted and remanded for correction of this error. United States v. Segars, No. 98-1409, 1998 WL 767144 (7th Cir Oct. 28, 1998).

On remand, District Court Judge Robert L. Miller selected a base offense level 39 and Criminal History Category I, which produced a sentencing range of 262 to 327 months imprisonment. He chose to sentence petitioner to 315 months. Mr. Segars appealed the district court's decision to the Seventh Circuit, which affirmed Judge Miller's order. United States v. Segars, No. 99-1302,1999 WL 511426 (7th Cir. July 15, 1999).

In his present petition, Mr. Segars challenges his conviction and sentence based on the following four alleged violations of the Constitution:

> i. The conviction and sentence imposed were in violation of the United States Constitution, Amendment Five
>
> ii. The conviction and sentence imposed were in violation of the United States Constitution, Amendment Six
>
> iii. The sentence imposed is excessive and in violation of the United States Constitution, Amendment Eight
>
> iv. The conviction and sentence imposed deny Movant equal protection under the law, as guaranteed by the United States Constitution, Amendment Fourteen.

(Pet. at 2.) He maintains that Booker errors were made during his sentencing and Crawford

errors were made during his trial. He claims he was precluded from raising these arguments earlier through a collateral attack on his conviction and sentence because these opinions were not issued until recently.

*28 U.S.C. §2241*

A. *Safety Valve*

Courts have uniformly held that claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, see Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Cabrera v. United States, 972 F.2d 23, 25-26 (2d Cir.1992); Cohen v. United States, 593 F.2d 766, 770 (6th Cir.1979), and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir.1977). The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. See Bradshaw, 86 F.3d at 166.

Still, § 2255 does provide a safety valve wherein a federal prisoner may bring a § 2241 claim challenging his conviction or imposition of sentence, if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." Accord United States v. Hayman, 342 U.S. 205, 223 (1952); In re Hanserd, 123 F.3d 922, 929 (6th Cir.1997). It is the prisoner's burden to prove that his remedy under § 2255 is inadequate or ineffective. See Charles v. Chandler, 180 F.3d 753, 756 (6th Cir.1999) (per curiam).

B. *Actual Innocence*

The Sixth Circuit concluded in Charles that the courts invoked the savings clause essentially to permit prisoners to submit claims of actual innocence that would otherwise have been barred under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214 (1996). See Charles, 180 F.3d at 756-57. Thus far, the only circumstance in which the Sixth Circuit has found § 2255 to be an ineffective or inadequate remedy is when the petition stated a facially valid claim for actual innocence. Bannerman v. Snyder, 325 F.3d 722, 724 (6th Cir.2003).

Mr. Segars has not met his burden to prove that his § 2255 remedy is inadequate or ineffective. An actual innocence claim requires "factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623-24(1998); Hilliard v. United States, 157 F.3d 444, 450 (6th Cir.1998). The movant must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent of the crime." Murray v. Carrier, 477 U.S. 478, 496 (1986). He does not attempt to demonstrate actual innocence. His claim that he was foreclosed from seeking relief until the Supreme Court issued its opinions in Crawford v. Washington, 541 U.S. 36 (2004) and United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005) does not reference an intervening change in the law which reflects that he may be actually innocent of his crimes.

### *The Teague Rule*

The Supreme Court has held that, under most circumstances, newly promulgated rules of criminal procedure do not apply retroactively to cases on collateral review. Teague v. Lane, 489 U.S. 288, 305-11 (1989) (holding that a habeas petitioner could not benefit from a recent Supreme Court decision declaring racially-based preemptive challenges invalid, because

that decision could not be applied retroactively to cases on collateral review); Baze v. Parker, 371 F.3d 310, 318 (6th Cir.2004) ("[R]eview is conducted in light of the law as it existed at the time of the final state court decision ...."). The Sixth Circuit acknowledged the fact that the Supreme Court overruled Ohio v. Roberts, 448 U.S. 56 (1980) in Crawford; however, contrary to petitioner's assertion, it also concluded that Teague prohibited the appellant from availing himself of the new rule articulated in Crawford.[1] See Dorchy v. Jones, 398 F.3d 783, 788 (6th Cir. 2005).

In Booker, the Supreme Court determined that its Blakely holding applied to the Sentencing Guidelines.[2] Booker, ___ U.S. ___, 125 S.Ct. at 755-56. The Court also expressly stated that its holding must be applied only to cases pending on direct review. Id., at

---

[1]

In Crawford, the defendant was convicted, after a jury trial in the Washington Superior Court, of first-degree assault while armed with deadly weapon. The defendant appealed and the Washington Court of Appeals reversed. On review, the Washington Supreme Court reversed and reinstated the defendant's conviction. Certiorari was granted and the Supreme Court held that:

> (1) out-of-court statements by witnesses that are testimonial are barred, under the Confrontation Clause, unless witnesses are unavailable and defendants had prior opportunity to cross-examine witnesses, regardless of whether such statements are deemed reliable by court, abrogating Ohio v. Roberts, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597, and
> (2) admission of wife's out-of-court statements to police officers, regarding incident in which defendant, her husband, allegedly stabbed victim violated the Confrontation Clause.

Crawford, 541 U.S. 36.

[2]

In Blakely, a majority of the Supreme Court held that an enhanced sentence imposed by a judge under the Washington Sentencing Reform Act, which was based on facts neither admitted by the defendant nor found by a jury, violated the Sixth Amendment to the United States Constitution.
Blakely, ___ U.S. at ___, 124 S.Ct. at 2538

-7-

769. Considering the Booker court's holding and the two exceptions to Teague's nonretroactivity rule,[3] the Sixth Circuit determined that the rule of Booker does not fall within either exception of Teague. See Humphress v. United States, 398 F.3d 855, 863 (6th Cir. Feb. 25, 2005)(noting that the Supreme Court has never held that a new rule of criminal procedure falls within the second exception of Teague ). Thus, the Sixth Circuit concluded that the rule of Booker does not apply retroactively in collateral proceedings. Humphress, 398 F.3d at 860. The Booker and Crawford decisions, therefore, fail to provide Mr. Segars with any basis for relief.

   Moreover, unlike other prisoners who have obtained review of their claims because they did not have a prior opportunity to present their claims on appeal or in a prior § 2255 motion to vacate, see In re Davenport, 147 F.3d 605, 609, 611 (7th Cir.1998); Triestman v. United States, 124 F.3d 361, 363, 378-80 (2d Cir.1997); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir.1997), Mr. Segars has had multiple opportunities to challenge his conviction and sentence on his asserted grounds on appeal and in a prior § 2255 motion to vacate.

   Based on the foregoing, the petition is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

---

[3] First, the Teague nonretroactivity rule "does not apply to rules forbidding punishment 'of certain primary conduct [or to] rules prohibiting a certain category of punishment for a class of defendants because of their status or offense.'" Beard v. Banks, ___ U.S. ___, 124 S.Ct. 2504, 2513 (2004)(quoting Penry v. Lynaugh, 492 U.S. 302, 330 (1989)). The second exception is for watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding. Id.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 2/10/06